Codcock, J.
It is conceded that the daughters of Anthony Slack held as joint tenants. The only-question then is, “ was there any division in their lives of the property ?” It does not appear that there was any division, or any act of the parties, which the court can construe into a severance of the estate. On the death of Mrs. Honald, her sister took the whole by survivorship. The land did not descend to the son, and therefore he had no right to convey to the plaintiff. As the plaintiff must recover on the strengh of his own title, the defendant’s need not be inquired into. I am of opinion the motion should be rejected.
Brevard, J.
The plaintiff must recover in this action on the strength of his own title, and not on the weakness of his adversary’s. It was contended for the plaintiff. 1st. That on the death of Mrs. Honald in 1786, the estate did not vest in Mrs.Nea-strunk, by survivorship, for that the act of Assembly of 1748, P. L. 217. takes away the right of survi-vorship, 2ndly, That the evidence given in the case was sufficient to prove a severance of the joint estate before Mrs. Honald’s death. My opinion is the verdict ought to stand. The act of Assembly of 1748, only provides an easier mode for obtaining partition of joint estates; but does not change their nature or properties. The jus accrescendi was *93 abolished by the act of 1791, and not before. This act is a legislative declaration of what the law was before that time. On the death of Mrs. Honald, in . 1786, the whole estate vested m her sister, unless the joint tenancy had been severed in her life. If there was clear proof, or even such evidence as would amount to a strong probability, of a severance between the joint tenants, by agreement; or, by a bargain and sale of Mrs. Seastrunk’s moiety, (which would operate a severance,) before Mrs. Honald’s death, my opinion would be different. A parol agreement and partition was good at common law. Co. Lit. 165. 171. ; and notwithstanding the statute of frauds, such a partition may be valid, if the line be sufficiently marked on the ground, and manifested by a separate distinct possession for a sufficient length of time. 1 Binney, 216. The evidence in this case was too vague and slight to found a presumption of a legal and valid partition, even by pa-rol. There was no evidence of agreement to divide. The joint tenants were both married women, and would not be bound by any agreement made by their husbands, unless their consent was obtained agreeably to law. The evidence of a separate possession was too loose to afford any solid ground to presume a partition. This evidence consists chiefly of proof that Mark Honald was in possession of a part until his death; and that in 1798, John Seastrunk and his wife, conveyed to John Wainwright, a moiety of the tract; and the conveyance in describing the land, states that it is bounded on the upper side by part of the said tract held by the heirs of Mark Honald. Mrs. Seastrunk is joined in this deed, but *94 there is no renunciation of her inheritance. The argument drawn from the language of this deed in ^ie description of the premises, has no weight. It cannot by intendment and implication divest Mrs. Seaslrmtk of her inheritance. For any thing that appears to the Court, she has never consented to part from her estate. The deed could not estop her, even if it were more explicit than it is.
E. H. Bay, J.
There is no doubt that the will of John Slack creates a joint tenancy; and it is very clear that unless there is a severance or division of land so held, it goes over to the survivors. On the agreement it was contended that there was a severance between the sisters and their husbands by occupancy, as there was a partition fence through the middle of the 100 acres, occupancy will not, in my opinion, be sufficient; for they were both seised per ney and per tout. It is said there was a partition fence. This might have been made for the mutual convenience of both parties; or to show the equitable mode of occupancy; which by no means altered the nature of the estate. I do admit a partition may be made between the joint tenants by parol: so far at least, that equity would quiet the heirs of either party in the enjoyment; as where both parties, in the presence of competent witnesses, actually agree to a partition ; and in pursuance of such agreement, either of them goes into possession of his part, and make valuable improvements. In such case equity would hold the other to his agreement, and not suffer him to take advantage of the other’s labours and improvements. 2 *95 Vern. 233. But in this case no such partition was proved or even alleged. I am therefore of opinion/ that on the death of Mrs. Honald, Mrs. Seastrunk took the whole estate by survivorship, and no descent was cast upon David Honald, the plaintiffs lessee. It is the same in dower. If two be joint tenants and die leaving a widow, it will go to the survivor ; and the widow shall not have her dower. Co. Lit. 30. a. 30. b. 3 Bacon, Sec. 671. As to the hardship which has been soo much insisted on, it is admitted ; and the primogeniture act, as it is commonly called, has effectually provided against the recurrence of this evil in future. But this case happened before that act was passed, and must be determined on the-principles of the common law, as it stood in 1786, in this state.
Grimre, J.
It has been contended, on the part of plaintiff, that our law is averse to the doctrine of joint tenancy; that it is no longer of force in this state; and that the severance of a joint estate has been provided for. But on examining the act passed before the death of Mrs. Honald, it does not appear that the case itself, operates any severance; but only provided means of procuring a severance, and preventing survivorship. By the act of Assembly of 1734, a joint tenant was permitted to devise his estate: but here there is no will, and this act can have no effect on the question. The next is the act of Assembly of 1748, by which joint tenants, &c. were allowed to apply to the court of common pleas, for writs of partition: but the act provides no other *96 m0(^e putting an end to joint tenancy, and seems cautiously drawn, not to disturb the course of the commoia ^aw- As to the primogeniture act, it can have no operation here, Because Mrs. Honald died long before that act was made.
Since, therefore, there is no will j no proof whatever of partition, agreeably to the act of 1748 5 and the primogeniture act does not apply; it follows, that Mrs. Seastrunk took the whole estate by survi-vorship* and nothing passed to the plaintiff, by the deed of David Honald.
Motion refused.